IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-296-D
No. 5:12-CV-470-D

| | | |
|---|---|---|
| JOHNNY D. MANN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On July 27, 2012, Johnny D. Mann ("Mann") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 56]. On September 17, 2012, Mann filed a motion that the clerk docketed as a motion to dismiss the indictment on jurisdictional grounds [D.E. 59]. On April 3, 2013, the government moved to dismiss Mann's section 2255 motion [D.E. 64–65]. On April 4, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Mann about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 66]. On April 16, 2013, Mann responded [D.E. 68]. As explained below, the court grants the government's motion to dismiss.

On October 1, 2008, a federal grand jury in the Eastern District of North Carolina indicted Mann and charged him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924 [D.E. 11]. On January 12, 2009, pursuant to a plea agreement [D.E. 22], Mann pleaded guilty to the charge [D.E. 21]. See [D.E. 72] 23–24.

On August 4, 2009, the court held a sentencing hearing and calculated Mann's advisory guideline range to be 180 to 210 months' imprisonment. See [D.E. 71] 10. The court granted the

government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), [D.E. 71] 11–12, and sentenced Mann to 144 months' imprisonment. [D.E. 71] 23–24; see [D.E. 37–38]. The judgment was entered on the docket on August 17, 2009 [D.E. 38]. Mann did not appeal, and his conviction became final on August 31, 2009. See Fed. R. App. P. 4(b)(1)(A); Clay v. United States, 537 U.S. 522, 527–28, 532 (2003). On August 3, 2010, and October 22, 2010, the government moved to reduce Mann's sentence under Rule 35(b) [D.E. 40, 42]. On January 14, 2011, the court granted the government's motions and reduced Mann's sentence from 144 months to 119 months [D.E. 43].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

Mann's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1). See United States

2

v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Likewise, the motion is untimely under 28 U.S.C. § 2255(f)(3). See United States v. Powell, 691 F.3d 554, 556–60 (4th Cir. 2012). Furthermore, the motion is untimely under 28 U.S.C. § 2255(f)(4). See United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005).

Nothing in the record suggests that equitable tolling should apply. Cf. Holland v. Florida, 130 S. Ct. 2549, 2562–64 (2010); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). Mann does not assert that he has pursued his claims diligently, but rather that "he would have" done so. [D.E. 57] 5. Mann argues that he was unable to timely file his section 2255 motion because of medical problems including a hip replacement surgery. See [D.E. 56-1] 4. However, the medical records Mann attached in his response to the motion to dismiss show that Mann received approval for bilateral hip replacement in October 2010 and had hip surgeries in March and November 2011. See [D.E. 68-1] 2, 16–19, 42–43, 94. Thus, Mann's surgeries did not impact his ability to file a section 2255 motion by August 31, 2010, within one year after his conviction became final. Similarly, Mann's lack of access to materials or documents while in transit after May 2011 did not impact his ability to file his section 2255 motion by the one-year deadline. See United States v. Anderson, 238 F.3d 415, 2000 WL 1781614, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision). To the extent Mann argues that prescription pain medication interfered with his ability to diligently pursue his claims, [D.E. 68] 2–3, Mann fails to plausibly allege any causal connection between the medication and his failure to timely file his section 2255 motion. See

3

Robison v. Hinkle, 610 F. Supp. 2d 533, 538–40, 542–43 (E.D. Va. 2009); see also United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004). Accordingly, the court dismisses Mann's untimely section 2255 motion.

Alternatively, Mann's claims fail on their merits. In his section 2255 motion, Mann asserts that (1) he received ineffective assistance of counsel when his trial attorney failed to file a notice of appeal at Mann's request, [D.E. 56] 4, (2) he received ineffective assistance when counsel failed to prepare him for his arraignment and plea negotiations, [D.E. 56-1] 2–4, and (3) the court improperly sentenced him under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). [D.E. 56] 5.

As for Mann's claims of ineffective assistance of counsel, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (internal quotation marks omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was "objectively unreasonable," a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within

4

the wide range of reasonable professional assistance." Id. A party must also show that counsel's deficient performance prejudiced the party. Id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

In his first claim, Mann asserts that he received ineffective assistance of counsel when his trial attorney failed to file a notice of appeal at Mann's request. [D.E. 56] 4. The Sixth Amendment "requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id.

Mann fails to plausibly allege that he requested that his attorney file a notice of appeal. In his section 2255 motion, Mann asserts that "[a]fter sentencing the Petitioner further asserts, that he asked counsel several times to file a[] Direct Appeal . . . . Petitioner's pleading fell on deaf ears and blind eyes. Wherefore, Counsel only filed a 'Motion to be dismissed from the defendant/petitioner's case.'" [D.E. 56-1] 4. However, in his response to the government's motion to dismiss, Mann

5

asserts that when he "was sentenced on August 4, 2009[,] . . . counsel had him to believe under false impression that an notice of appeal was filed within the 10 days prior." [D.E. 68] 2. Mann's contradictory assertions that his request to file an appeal "fell on deaf ears" but that counsel "had him . . . believe under false impression that a[] notice of appeal was filed" are simply implausible.

Moreover, the record and files of the case further demonstrate the implausibility of Mann's claim. In fact, Mann's pleadings indicate that he did not ask the attorney who represented him at sentencing to file an appeal. Specifically, on February 18, 2009, the attorney who represented Mann through his Rule 11 hearing filed a motion to withdraw due to a conflict of interest [D.E. 23]. On February 19, 2009, the court granted the motion to withdraw [D.E. 24]. Mann then received new counsel (sentencing counsel) [D.E. 33], who represented Mann at sentencing, see [D.E. 71], during Mann's Rule 35 proceedings, see [D.E. 44–45], and during other post-conviction review of Mann's case as recently as November 2011. See [D.E. 49-2]. On February 15, 2012, sentencing counsel moved to withdraw because Mann wanted new counsel [D.E. 51]. In his memorandum supporting his section 2255 motion, Mann asserts that "[f]ollowing the plea agreement the Petitioner's counsel failed to file a notice of appeal with the Fourth Circuit Appeals Court. While there was no appeal pending, Counsel filed a motion to withdraw himself from the case without his client knowing about it." [D.E. 57] 6. Thus, Mann's filings do not plausibly allege that he asked his sentencing counsel to file an appeal. Rather, his filings show, at best, that he asked his previous counsel—the attorney who "following the plea agreement" withdrew from the case allegedly without consulting Mann—to file an appeal. See [D.E. 56-1] 4 ("[Mann] asked counsel several times to file a[] Direct Appeal . . . [but] Counsel only filed a 'Motion to be dismissed from the defendant/petitioner's case.'"). Because Mann could not appeal after simply entering his guilty plea but before being sentenced, counsel did not act deficiently by failing to appeal at that time. Accordingly, this claim fails.

6

In his second claim, Mann asserts that he received ineffective assistance when counsel failed to prepare him for his arraignment and plea negotiations. [D.E. 56-1] 2–4. Specifically, Mann alleges that counsel "misconstrued sentencing factors," failed to explain the elements of the crime with which Mann was charged, and "forced [him] by threat and coercion . . . [to] sign the plea agreement." [D.E. 56-1] 1–3. However, at the Rule 11 hearing, the court advised Mann of the charges against him, the maximum potential penalties associated with his conviction, the consequences of pleading guilty, the fact that the court would determine Mann's sentence, and that any inaccuracy in counsel's estimate of his sentence would not allow Mann to withdraw his guilty plea. [D.E. 72] 17–23. Thus, the court's Rule 11 colloquy cured the potential prejudice arising from any alleged misinformation from counsel regarding the elements of the crime or sentencing factors. See United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) (per curiam); United States v. Lambey, 974 F.2d 1389, 1391–96 (4th Cir. 1992) (en banc). Moreover, after the court informed Mann of the potential penalties he faced, Mann stated, under oath, that he understood the penalties and that he remained free to plead not guilty at that time. [D.E. 72] 17–19, 23. Mann also stated that no one had threatened him or forced him to plead guilty. Id. 19. The court must dismiss claims that rely on allegations that contradict sworn statements at the Rule 11 hearing. See United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Accordingly, Mann's claims of ineffective assistance fail.

In his third claim, Mann asserts that the court improperly sentenced him as an armed career criminal "because stor[ing] a concealed weapon was not . . . a crime of violence under" U.S.S.G. section 4B1.2. [D.E. 56] 5; [D.E. 57] 9–17. However, Mann has no prior convictions for storing a concealed weapon. Rather, Mann's Presentence Investigation Report ("PSR") indicated that Mann had five prior convictions for felonious common law robberies committed on occasions different

7

from one another. See PSR ¶¶ 9, 11, 14, 15, 16. North Carolina common law robbery is a violent felony under the ACCA. See United States v. Carmichael, 408 F. App'x 769, 770–71 (4th Cir. 2011) (per curiam) (unpublished); United States v. Hutchinson, 149 F. App'x 214, 215–16 (4th Cir. 2005) (per curiam) (unpublished). Accordingly, because he had five prior convictions for violent felonies, Mann was properly sentenced under the ACCA, and this claim fails. See 18 U.S.C. § 924(e)(1).[1]

As for Mann's filing that the clerk docketed as a motion to dismiss the indictment on jurisdictional grounds, the court construes Mann's arguments as an additional claim under section 2255. Mann argues that his conviction should be vacated for lack of subject matter jurisdiction and asserts that 18 U.S.C. § 922(g) is unconstitutional under the reasoning of United States v. Lopez, 514 U.S. 549 (1995). Like his other claims, Mann's argument is untimely under 28 U.S.C. § 2255(f). In any event, his claim fails. See United States v. Gallimore, 247 F.3d 134, 137–38 (4th Cir. 2001); United States v. Nathan, 202 F.3d 230, 234 (4th Cir. 2000); United States v. Crump, 120 F.3d 462, 466 & n.2 (4th Cir. 1997); United States v. Wells, 98 F.3d 808, 810–11 (4th Cir. 1996).

Mann also wrote a letter on June 30, 2013, requesting relief under Alleyne v. United States, 133 S. Ct. 2151 (2013). See [D.E. 69]. Assuming without deciding that Alleyne applies retroactively, Alleyne does not help Mann. In Alleyne, the Court did not alter the exception "for the fact of a prior conviction." Id. at 2160 n.1.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Mann's

---

[1] To the extent the Fourth Circuit's recent decision in United States v. Davis, 720 F.3d 215 (4th Cir. 2013), impacts the analysis of North Carolina consolidated sentences under the ACCA, and assuming without deciding that Davis applies retroactively, Davis does not help Mann. Mann's prior convictions all occurred before North Carolina enacted its consolidated sentence provision. See id. at 219.

8

claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, the court GRANTS the government's motion to dismiss [D.E. 64] and DISMISSES Mann's motions to vacate his sentence [D.E. 56, 59]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c).

SO ORDERED. This **24** day of September 2013.

JAMES C. DEVER III
Chief United States District Judge